1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   EDUARDO TORRES CAMPOS,                    CASE NO. 1:08-cv-00890-WMW PC

10                         Plaintiff,          ORDER DISMISSING COMPLAINT, WITH
                                               LEAVE TO FILE AMENDED COMPLAINT
11        v.                                   WITHIN 30 DAYS

12   GEORGE GALAZA, et al.,                    (Doc. 1)

13                         Defendants.
                                          /
14

15          Plaintiff Eduardo Torres Campos ("Plaintiff") is a state prisoner proceeding pro se and in

16   forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is in the custody of

17   the California Department of Corrections and Rehabilitation and currently housed at the Sierra

18   Conservation Center in Jamestown, California ("SCC").  Some of the events in Plaintiff's complaint

19   took place when Plaintiff was previously housed at the California State Prison in Corcoran,

20   California ("Corcoran").  Plaintiff is suing under section 1983 for violations of his rights under the

21   Eighth Amendment from deliberate indifference to his medical needs.  Plaintiff names George

22   Galaza (warden, Corcoran), Ivan D. Clay (warden, SCC), Jim Russell (associate warden/health care

23   manager, SCC), Benak (physician, SCC), Neubarth (physician, Corcoran), and Smith (physician,

24   Corcoran) as defendants.

25   **I.      Screening Requirement**

26          The Court is required to screen complaints brought by prisoners seeking relief against a

27   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

28   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.   **Background**

Plaintiff alleges that he did not receive proper medical care for an injury to his right knee while he was incarcerated at SCC and Corcoran. On October 13, 2006, Plaintiff was incarcerated at Corcoran and received an arthroscopy on his right knee by Defendant Smith. On November 29, 2006, Defendant Smith conducted a follow-up and concluded that Plaintiff needed physical therapy two times per week for four weeks. Defendant Neubarth stated that Plaintiff's treatment would be postponed until "Plaintiff's knee was apporpiate [sic] for the treatment". (Compl. ¶ 16.) Plaintiff did not receive physical therapy until January 16, 2008. Plaintiff's physical therapy was concluded on February 5, 2008. It was determined that Plaintiff required additional surgery due to the delay in treatment.

On March 27, 2008, Plaintiff was transferred to SCC. Plaintiff requested medical treatment for his knees and was seen by Defendant Benak. Defendant Benak repeatedly denied Plaintiff's requests for treatment and told Plaintiff to resubmit his medical requests and be seen at a later time.

1   **III.**     **Discussion**

2        **A.**      **Eighth Amendment Claims - Deliberate Indifference to Medical Needs**

3         Plaintiff alleges that Defendants violated his rights under the Cruel and Unusual Punishments

4   clause of the Eighth Amendment by being deliberately indifferent to his medical needs. The Eighth

5   Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and

6   idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429

7   U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison

8   official violates the Eighth Amendment only when two requirements are met: (1) the objective

9   requirement that the deprivation is "sufficiently serious", Farmer v. Brennan, 511 U.S. 825, 834

10  (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that

11  the prison official has a "sufficiently culpable state of mind", Id. (quoting Wilson, 501 U.S. at 298).

12  The objective requirement that the deprivation be "sufficiently serious" is met where the prison

13  official's act or omission results in the denial of "the minimal civilized measure of life's necessities".

14  Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the

15  prison official has a "sufficiently culpable state of mind" is met where the prison official acts with

16  "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A

17  prison official acts with deliberate indifference when he/she "knows of and disregards an excessive

18  risk to inmate health or safety". Id. at 837. "[T]he official must both be aware of facts from which

19  the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

20  inference." Id.

21        "[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action

22  under § 1983." Estelle v. Gamble, 429 U.S. 97, 105 (1976). "A 'serious' medical need exists if the

23  failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and

24  wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on

25  other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (quoting Estelle, 429

26  U.S. at 104). Delay of medical treatment can amount to deliberate indifference. See Jett v. Penner,

27  439 F.3d 1091, 1096 (9th Cir. 2006); Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002); Hallett

28  v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000)

1  (en banc); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); McGuckin, 974 F.2d at 1059;
2  Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).

3          However, "a complaint that a physician has been negligent in diagnosing or treating a
4  medical condition does not state a valid claim of medical mistreatment under the Eighth
5  Amendment.  Medical malpractice does not become a constitutional violation merely because the
6  victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Deliberate indifference is a
7  higher standard than what is required to establish medical negligence.  In order for Plaintiff to state
8  a claim, he must allege that there was a "conscious disregard of a serious risk of harm". Toguchi v.
9  Chung, 391 F.3d 1051, 1059 (9th Cir. 2004).

10         Plaintiff fails to allege that Defendants were deliberately indifferent.  Plaintiff alleges that
11  "Defendant Smith would recommend and order physical therapy for the plaintiff but would not
12  follow through with his orders." (Compl. ¶ 14.)  It is not clear whether Defendant Smith deliberately
13  refused to provide the treatment that he recommended or deliberately prevented others from
14  providing treatment.  It appears from Plaintiff's allegations that Defendant Smith ordered physical
15  therapy and Defendant Neubarth delayed or denied the physical therapy.  Defendant Smith is not
16  liable for Defendant Neubarth's actions in delaying Plaintiff's treatment.

17         Plaintiff also fails to allege that Defendant Neubarth was deliberately indifferent.  Plaintiff
18  alleges that Defendant Neubarth determined that Plaintiff should not receive treatment until
19  "plaintiff's knee was apporpiate". (Compl. ¶ 16.)  At most, Plaintiff has alleged that Defendant
20  Neubarth was negligent in his assessment.  However, an Eighth Amendment violation requires
21  Plaintiff to establish that Defendant Neubarth was "deliberately indifferent".  This would require
22  showing that Defendant Neubarth was actually aware that the delay would constitute a serious risk
23  of harm to Plaintiff and that Defendant Neubarth consciously disregarded that serious risk.  Plaintiff
24  has not done so.

25         Plaintiff has also failed to allege that Defendant Benak was deliberately indifferent.  Plaintiff
26  alleges that he requested treatment from Defendant Benak and Defendant Benak would deny
27  Plaintiff's requests.  Even assuming that Defendant Benak's denials were medically erroneous, that
28  only establishes that Defendant Benak was negligent in his assessment, not deliberately indifferent.

1  Deliberate indifference requires Plaintiff to allege that Defendant Benak knew that there was a

2  serious risk to Plaintiff's health and delayed treatment anyway.  Plaintiff has failed to allege that

3  Defendant Benak acted with deliberate indifference.

4  **B.    Claims Against Supervisory Personnel**

5      Plaintiff alleges that wardens Galaza, Clay and Russell are liable for violating Plaintiff's

6  Eighth Amendment rights.  Supervisory personnel are generally not liable under section 1983 for the

7  actions of their employees under a theory of <u>respondeat</u> <u>superior</u> and, therefore, when a named

8  defendant holds a supervisory position, the causal link between him and the claimed constitutional

9  violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979);

10  <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert.</u> <u>denied</u>, 442 U.S. 941 (1979).  To state

11  a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege

12  some facts that would support a claim that supervisory defendants either: personally participated in

13  the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent

14  them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation

15  of constitutional rights' and is 'the moving force of the constitutional violation.'" <u>Hansen v. Black</u>,

16  885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); <u>Taylor v. List</u>, 880 F.2d 1040, 1045

17  (9th Cir. 1989).

18      Plaintiff seeks to hold Defendants Galaza, Clay and Russell liable because they hold

19  supervisory positions at SCC and Corcoran.  Plaintiff alleges that supervisory defendants "instituted

20  a custom, and policy to provide proper medical care for inmates" and that Plaintiff did not receive

21  proper medical care.  (Compl. ¶¶ 2, 27.)   However, Plaintiff's vague allegations regarding the

22  deficient medical care policies fail to allege that those policies were themselves "a repudiation of

23  constitutional rights" and were "the moving force of the constitutional violation".   Therefore,

24  Plaintiff has failed to state claims against Defendants Galaza, Clay, and Russell.

25  **IV.    Conclusion and Order**

26      The court has screened Plaintiff's first amended complaint and finds that it does not state any

27  claims upon which relief may be granted under section 1983.  The court will provide Plaintiff with

28  the opportunity to file an amended complaint curing the deficiencies identified by the court in this

order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not add unrelated claims involving different defendants in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level". Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.    The Clerk's Office shall send Plaintiff a complaint form;

3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4.    Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5.    If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:    February 25, 2009            /s/  William M. Wunderlich**

1          UNITED STATES MAGISTRATE JUDGE

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28